**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AMY B.,

   Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

Civil Action No. 26-01401 (RK)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

**THIS MATTER,** having come before the Court upon Amy B.'s[1] ("Amy" or "Plaintiff") application to proceed *in forma pauperis* ("IFP," ECF No. 4) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP application, Plaintiff declares that her monthly income is $0.00 and that she has not been employed since 2023. (IFP at 2.) Plaintiff asserts that her spouse's monthly income is $6,700. (*Id.*) Plaintiff asserts that she has a checking account with "TD Bank," but that this account contains $0.00 belonging to her or her spouse. (*Id.*) Plaintiff lists additional assets that include a home, valued at $75,000, and a 2017 Chevrolet Camero, valued at $1,000. (*Id.* at 3.) Plaintiff estimates that her and her spouse's monthly expenses total $7,430, with (1) $2,200 in rent or home-mortgage payments,[2] (2) $1,500 in utilities, (3) $3,000 in food, (4) $100 in transportation, (5) $150 in car insurance, (6) $450 in

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

[2] Plaintiff also neglected to specify whether this amount included real estate taxes or property insurance, as required by the IFP Application form. (IFP at 4.)

motor vehicle installment payments, and (7) $30 in "cell phone" charges paid by Plaintiff's spouse. (*Id.* at 4–5.) Plaintiff also avers that she has "$8,000 in outstanding medical and hospital bills that are currently in collections," but does not indicate her monthly expenses on those bills. (*Id.* at 5.) Plaintiff has no minor dependents but specifies that she has "two sons that are over 18 but . . . still rely on [Plaintiff and her spouse] for food and support." (*Id.* at 3, 5); and

**WHEREAS**, the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (per curiam); and

**WHEREAS**, although a person "need not be absolutely destitute to proceed *in forma pauperis*," Plaintiff must nonetheless, "establish that [she] is unable to pay the costs of [her] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016) (per curiam); and

**WHEREAS**, the Court "may deny an IFP application where the plaintiff submits an incomplete IFP application—for example, where the plaintiff lists expenses that exceed income but does not explain how he or she pays expenses." *Davis v. NYS Dep't of Labor*, No. 21-690, 2021 WL 9455716, at *2 (W.D.N.Y. June 28, 2021) (collecting cases); and

**THE COURT FINDING** that Plaintiff has not established indigency necessary for IFP status. Plaintiff has not explained how she and her spouse are able to pay their combined $7,430 in monthly expenses with only $6,700 in total monthly household income if she has $0.00 available in her only listed checking account.[3] (IFP at 2–5.) Accordingly, the Court concludes there is "no way . . . to properly determine [Plaintiff's] current eligibility to proceed without prepayment of the

---

[3] The Court also notes that Plaintiff's alleged monthly expenses of $3,000 on food for four people at most, $1,500 on utilities, and $450 on motor vehicle payments for a car only allegedly worth $1,000, (IFP at 3–5), "appear excessive without further detailed explanations." *Dobbins v. Kroger Co.*, No. 08-1206, 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009).

[required] fees." *Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011) (citing *Sinwell v. Shapp*, 536 F.2d 15, 19 n.14 (3d Cir. 1976)).

IT IS on this ___ day of February, 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Order by either pre-paying the $405 filing fee ($350 filing fee plus $55 administrative fee) or submitting a renewed application to proceed *in forma pauperis*; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

3